United States District Court
Southern District of Texas
**ENTERED**
December 05, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERAFIN HERNANDEZ GARCIA, | § | |
| (Reg. #46940-007) | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION H-18-4243 |
| | § | |
| WARDEN J. WILLIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Serafin Hernandez Garcia, an inmate of the La Tuna Federal Correctional Institution, filed an application for habeas corpus relief in which he challenges his guilty plea and the execution of his sentence. Garcia states that he was transferred to the United States to continue serving the remainder of the sentence imposed upon him by the Mexican Government. He states that under 18 U.S.C. Section 4106A(b)(3), when a transferee who has committed his offense on or after November 1, 1987 is released, the district court supervises that transferee in the community of his release. Garcia states that he was charged with the following counts: homicide, possession and transportation of marijuana, cocaine against the public health, desecration of human remains, usurpation of a public charge, possession of a firearm for the exclusive use of the Mexican army, and possession of a firearm without a license. Garcia explains that in the federal system, some of these counts are grouped together for guideline purposes, and others are treated separately. (Docket Entry No. 1, Federal Petition, p. 2).

An application under 28 U.S.C. § 2241 is the proper vehicle for attacking the manner in

O:\RAO\VDG\2018\18-4243.a01.wpd

which a sentence is being executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Garcia challenges the execution of his sentence, and therefore his application for habeas relief is properly presented in this petition brought under 28 U.S.C. § 2241.

To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979).

Garcia is currently incarcerated in the La Tuna Federal Correctional Institution, which is in the Western District of Texas, El Paso Division. The United States District Court for the Western District of Texas, El Paso Division has jurisdiction over Garcia and his custodian.

When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court may transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action will proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

The Clerk will TRANSFER this application for writ of habeas corpus to the Clerk of the Western District of Texas, El Paso Division, and notify Garcia of that action.

SIGNED at Houston, Texas, on Dec 4, 2018.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE